okay may it please the court my name is Scott Martin I represent Ms. Palomares the district court wrongly decided that Ms. Palomares was barred from safety valve relief solely because she had a prior drug offense that qualified as a prior three-point offense under section 3553 f1b contrary to the district court's view the criteria and subparagraphs a through C are cumulative as the Ninth Circuit held in Lopez they are not independently disqualifying the plain language of f1 including the ordinary conjunctive meaning of the word and which is unambiguous f1 structure as a conjunctive negative proof the context which includes the text purpose of giving judges discretion to sentence low level nonviolent drug offenders below statutory minimum sentence when they fully cooperate with law enforcement your honors and means and and the word is not ambiguous as a Scalia Garner treatise says the word and is an elemental word in the English language that combines items for example everyone agrees that the and at the end of 3553 f4 combines the five requirements in f1 through f5 that a defendant must satisfy cumulatively to qualify for safety valve release also in Palmer Palomar Santiago which I cited my 28 J with a Supreme Court held that the statutory requirements under 326 1326 d1 through three are all mandatory the court reason that these requirements are all connected by the conjunctive and meaning that defendants must meet all three even though Senate legislative drafting manual says in a list of criteria that specifies a class of things use and to indicate that a thing is included in the class only if it meets all of the criteria now the structurally this is section f1 is a conjunctive negative proof which in which the listed things are individually permitted but cumulatively prohibited f1 is structurally similar to the example of a conjunctive negative proof provided in the Scalia Garner treatise which is quote to be eligible you must prove that you have not a B and C let me ask you D in that connection do you know of any statute that is written like this statute is that would that would apply the negative conjunctive to I mean in other words if it's a serial line one line like one two and three is one matter but if it's prefaced by the statement to the sub paragraphs as well as anyone suggested that that statute is I'm not aware of another statute that's exactly this like this I think that what you're referring to is the government's em dash theory they're saying that the phrase before the em dash it should be distributed throughout the statute we that's not a fair reading of the statute for starters Congress knows how to distribute negative phrases when it wants to as it did in a neighboring paragraph of the same set statute 3553 f4 that's the one that says defendant was not an organizer leader or manager or supervisor and was not engaged in a continuing criminal enterprise Congress did not use an em dash there but about em dashes did it use a B and C and sub paragraphs under the basic paragraph yeah you're on that in Palomar Santiago that's we have that exact same structure although it begins with unless as opposed to does not have that's the case that I cited my 28 J where the Supreme Court interpreted to and conjunctively again with the em dash theory that the government has here about distributing this phrase there's no support for that theory the Scalia Garner treatise doesn't mention it the only authority the government cites for that is a case called Mitchell versus Chapman a Sixth Circuit case but this court disapproved of that case in a case called Modica versus Taylor our position which is supported by . . . But doesn't the phrase defendant does not have have to be read into A, B, and C and doesn't the word and have to that appears in B have to apply to A, and B, and C I mean I just it seems to me it's very simple the way I would read it it's very simple I don't see all the fuss about it myself but that's that's just me well you're wondering it's a it is set up as a conjunctive negative proof where the things are cumulatively prohibited and refers to A, B, and C it does link them that the em dash and the and link these three sub paragraphs together and so that they are a package and that they are the things are individually allowed but in Modica that was a case I discussed that was interpreting the FMLA's definition of the term employer with an em dash and the issue is whether a public agency employee could be held liable under the FMLA the issue required the court to analyze the statute's definition of the term employer with an em dash and the definition of employer had an em dash after the term employer followed by four clauses numbered one through four defining what the term employer means and includes clause two so that it includes individuals acting an interest of the employer and clause three so it includes any public agency the court reasoned that the word and following the clause three and the em dash following the term employer shows that clauses one through four interrelated not mutually exclusive anything that says that an em dash followed by a list can never receive the construction that the government urges in this case it did not say that it can never receive but that is how it interpreted that statute and it did say and that is the case the Mitchell v. Chapman is the case of the government the only case the government has cited in support of its em dash theory it seems to be a case where we're just looking for the least bad option right it's sort of like judicial selection I mean there's no perfect mechanism they all have drawbacks they all have flaws and quirks and kinks and this one this is really choosing between four competing options none of which is airtight and it's really just a matter of us picking the least bad version would you agree with that no your honor I mean I agree that our that our interpretation is the correct one one and only correct one yes under the plain reading of the statute you're talking about plain reading of the statute the plain reading of this I mean playing I said I want to say this but the plain reading of the statute is that the court shall impose a sentence if the court finds at sentencing that the defendant does not have a and does not have B and does not have C I mean that's just your honor you're adding an exactly the way it has to read and it has to read and has to modify the other two state it doesn't make any sense if it doesn't it doesn't have or there and whenever you have a disjunctive you always have one or in a whole list of options right if it's disjunctive yes yes and so it's if it's conjunctive you take the one and here that is in B that actually ties the whole thing together as and I mean it just I I just can't understand the argument where I mean I understand what you're saying but I can't understand how there is any it's it's phrased this is this is the example given to Scalia Garner treatises to be eligible must prove you have not a B and C that means you must prove that you did not do all three I can understand that because if it's a list and it says he does not have this and this and this I mean if it's a list of people I mean a list of options that go across like that I can understand it because there are no other words there that modify the successive options in the serial that you are stretching out but here you clearly have that the defendant does not have applies to a B and C and the word and in B applies to a B and C otherwise it doesn't make any sense I mean but that's the way you read statutes I mean I can't you can't your honor's in in Garcon which has been vacated by the Eleventh Circuit that they relied on a theory that this rendered reading rendered a surplus age and I would like to remind the court that a conjunctive interpretation does not render as surpluses for the reasons that they gave and Lopez which is that a three-point violence can be essentially a two-year it does not is that the this conjunctive reading does not render sub part sub more than four points that's because a three-point violent offense can be basically a twofer it can be a can simultaneously satisfy two paragraphs so can you help me understand help me understand the textual amendment that you would have us make to see them so I understand your point that that the violent three-point I'm sorry that a three-point offense can satisfy the two-point defense if it's violent but then you need to rewrite to to say something like a prior violent offense worth at least two points your honor the exact words that we use in the committee report the Senate Committee report which Lopez relied on was violent offense with a sense of at least 60 days that's the phrase that they use in the fact sheet in a section by section summary so that's it's interesting that you go to legislative history because now you're telling us that it's not as plain as you said at the at the beginning if you go to legislative history which I and I understand why you would need to do that to help us with see it seems like each piece of what was said at the time each piece of evidence whether it was from the Sentencing Commission or from the bill sponsors or from the committee report describe this as some sort of modest change from the prior version of f1 do you remember what the prior text of f1 said sure this text that we're interpreting that we're looking at now is similar is that pretty much the same as it was in the final statute but I judge's to essentially waive f1's requirements if it overstated the defendants criminal history recidivism that fell out or they could have said that this was modest because it only affected f1 and didn't affect the remaining sub paragraphs f2 through f5 I have it right here oh the prior version well that was that was your eliminate you were disqualified if you had only one it does not have more than one more than one so the structure of the syntactical structure of the old f1 and the new f1 keeps this does not have but it goes from does not have more than one to this obviously tripartite list be an awful big elephant to bury in a really small mouse hole to say that now from does not have one more than one to this tripartite list which in your view would give safety valve relief to virtually everyone but your honor it wouldn't give safety valve relief to everyone this is the purpose is for to not bar what basically repeat violent drug offenders would always almost always be barred while nonviolent low-level drug offenders would not and that's the statute that's the purpose from the text you can see up in the text and the I remind the court that it's that's just that that cannon is a rule of thumb it does not supersede the statutes plain meaning and structure congressional acts contain a lot of redundancy there's so substantial overlap between clauses is not uncommon in criminal statutes the Supreme Court said that in law firm so like other cannons is this cannon is not absolute courts are not required to avoid surplus age at all costs as the concurring opinion Lopez said the court could reasonably decide that the cost of applying the plain text at 3553 f1 and means and is that subsection a is surplus age and that would be okay is if Congress wishes to avoid surpluses in 3553 f1 it has a power pursuant to article 1 of the Constitution to enact legislation to that effect the court can only carry out Congress's will and applying the plain language of the statute as an act and your honors I believe that's correct to the absurdity that the government is making I provide a Texas Brine Company case in our 28 J that is a very high standard that the government can't meet and absurdity is not a mere oddity the absurdity bars high as it should be the result must be preposterous and that no reasonable person could intend and here none of the Lopez judges none of them found this result concerned the Ninth Circuit panel include a Sixth Circuit judge sitting by designation judge Boggs and there are rational policy justifications that support our reading as Lopez observes Congress could have made a policy decision to target violent repeat drug offenders also Congress could have made a policy decision to focus that the safety belt should focus on more on the incident events which is addressed by the factors in f2 to f5 rather than defend its criminal history I see my time is out so I'll save my time Martin we'll see you back on rebuttal mr. thank you your honor good morning may please the court Francesca Valentini for the United States the district court correctly determined the palomar is 2001 three-point conviction for drug trafficking made her ineligible for the safety valve the statute of text structure and context established at the safety valve as amended by the first step act that remains limited to requirements set forth in subparagraphs a through C of the subsection they established that the safety valve is not available to serious repeat and violent offenders Palomar's claims that the government's reading of section of the subsection is compelled by the text that any other reading turns the word and into or and a conjunctive into a disjunctive but an entire theory merely sidesteps the key question in this case the key question in this case is not whether and is conjunctive we agree at least as a frontline matter that and is ordinarily understood to a conjunctive meaning the key question is what does the word and in subsection 3553 f1 conjoin does it conjoin disqualifying criminal history criteria that the defendant not have a that the defendant not have B and that it's been a not have C or does it conjoin merely fragments of those requirements and we think the first that's a question that the text in the abstract does not itself answer as a matter of formal logic as my opponent would have it it is a question that necessarily turns on contextual and structural considerations and those considerations as we explain in our brief conclusively support the government's reading of the statute construing 3553 f1's three subparagraphs as a package rendered the first subparagraph first of all meaningless if a defendant has both a three-point offense and a two-point offense then it's then a defendant always has more than four points of criminal history and that reading makes the first subparagraph of the subsection entirely superfluous superfluous which is a textbook violation of the rule against superfluid there is also punctuation and other structural considerations that judge Ali pointed to just a minute ago the fact that the three subparagraphs are introduced by a hyphen they're broken out into different subparagraphs they have they're separated out with semicolons and they are followed introduced by independent enumerating letters joined together by a conjunction I mean it's what I'm saying and the word and applies as if it you know we're or in and in any of us in a disjunctive in a statute that is intended to be read disjunctive the word would be or but you've got to have all of these and this and that and this correct and as I mentioned a minute ago the key question in this case is not whether the word and is conjunctive or disjunctive in this case we agree as a frontline matter that as a top-line argument that and in this case has conjunctive meaning the question is what does the word and conjoin does it conjoin merely snippets of fragments if you will of those requirements or does it conjoin full-fledged requirements that import the prefatory clause does not have and we and in our view is that that it's the latter and that view is supported by all contextual and structural considerations that we point to in our brief then we just discussed I just touched on a minute ago but the key point your honor is that both readings are conjunctive we also do have a backup argument where courts have in some instances recognize that the word and and some more conjunctions can have a can be interpreted well and disjunctively and or conjunctively but that is only a backup argument that courts have recognized our frontline argument here is that and is conjunctive under our interpretation council we're talking about the structure of the difference between the way Congress struck structured f1 versus say f3 so f3 says the offense did not result in death or serious bodily injury to any person so Congress could have written f1 the same way right they could have said the dividend does not have a or B or C just like they did in f3 and they chose a different structure to it what if any meaning do you impute to the structural distinction we impute no meaning to that and the reason is there's several reasons for that first the presumption that or any preference for interpreting similar structures portion of a statue the same way does not apply when portions of a statute were enacted at very different times f3 if I remember correctly was enacted in 1994 as part of the violent control and law enforcement crime of the name of the statute was this the amended version of f1 was amended was enacted in 2018 as part of the first step act and in addition I think there is other aside from the temporal different distinction there is structural distinctions on the face of Congress's drafting choices in 1994 as in f3 and in f4 Congress chose a drafting strategy that basically wrote out the entire condition in a single paragraph and and deployed the referring to now in the context of f1 Congress a very different Congress decades later took a different approach but that doesn't take away from the clarity of Congress's drafting decision in f1 in this case let me ask you in this construction or interpretation of statute the after the completion of and I am supplying and there because it leans on the only the only conjunctive or the only connective or disconnected word in the body of it and it's and and I don't see why if you and belongs after the word guidelines in a am I wrong about that and what is the principle that says that the way the statute is written that and does not belong after the semicolon in absolutely and does belong in that and the fact that if you read it that way if you don't have this and this and this and this you qualify meaning that the prefatory clause does not have is distributed if the defendant the defendant must not have any other if you don't have this and this and this if you don't have it these three things you qualify I mean I'm right but right but the defendant must not have any of those yes absolutely that is that is already if you don't I mean it's written in a negative in a negative sort of way but it's the simplest way to interpret it is I think is the way that I've said it and I wouldn't go into all these other disjunctive and conjunctive negatives and all that just read the thing like it's supposed to be read I think I mean I think that's the way you'd all read every statute it is written like this I can understand if it was written in a serial and you didn't have a basic paragraph it has it has to modify because it has to give meaning to the subsequent parts of the sub paragraphs I would agree with the way the statute is written you just read though you read what is in the main paragraph into the subparagraphs otherwise it doesn't have subjects and verbs and all that are necessary for any kind of interpretation that's right your honor and that's what the point of what we're getting at before when when I mentioned a couple of times now that the key question is whether is what what does the work in in the subsection conjoin is the fragments of a requirement or is like full-fledged requirements and it is the full requirements as your honor just described one point that I wanted also to touch on that my friend on the side mentioned you referenced a committee publication that was referencing the footnote in the Lopez decision by the Ninth Circuit I would urge the court to well first of all that publication was not in a committee report it certainly cannot replace and supersede the meaning of the actual text of the statute and even within the hierarchy of legislative history that was not a committee report it was an informal publication explanatory publication which is probably towards the bottom of the weight scale that course to the extent that they look to legislative history accord to legislative history but even on its face I do want to point your honor's to the actual sentence the entire sentence that is an issue in that footnote there is reference in that footnote in the main friend on the other side just mentioned that argument today the sentence says offenders with prior three-point felony convictions sentences exceeding one year and one month or prior to point violent offenses violent offenses with sentences of at least 60 days will not be eligible for the safety vault and then it goes on to discuss a waiver that was then ultimately not part of the enacted statute so that sentence that explanation that is mentioned in the Locust footnotes and the footnote and that my colleague mentioned today actually squarely forecloses their reading and endorses the reading of the government mr. the so-called distributive approach that the government favors adopted by the Sixth Circuit in Mitchell v. Chapman correct yes opposing counsel says that we're bound by Modica v. Taylor which he argues rejected that approach that interpretive approach and tell me why you think Modica doesn't bind us how is it distinguishable and doesn't really have any weight so the question addition Modica was nearly the interrelationship whether the fact that a party qualified as an employer under one subsection would also qualify with foreclosing for qualifying or qualifying as under a different subsection or whether one subsection modified the other that's a question of inter relationship of this course said in in Modica and it's not a question of whether all requirements had to be met at the same time in order to qualify as an employer the requirements are clearly disjunctive the only question was whether one subsection could modify the other meaning whether the fact that a public entity could be an employer meant that any anyone serving on behalf of the public entity the individuals who were parties in that litigation could also qualify as employer so that's a question of interrelationship between the sub the subsections was not a question of a distributive versus a package reading of the statute which is what is the issue here unless your honors have any further questions I do want to touch very briefly on the results that some of the results that would flow from the defendant's interpretation of the statute because we think they are highly irrational and probably meet and then exceed any standard of absurdity requiring the combination of all criteria as a package will result in the sort of hodgepodge criminal history profile that really does not make sense would not have made sense for Congress Congress it is true intended to expand the safety valve as judge Oldham I think alluded to a minute ago any of the readings in this case was significantly brought the safety valve but Congress was also in the legislative history shed some light on this Congress was careful not to endorse the broadest versions of the the broadest broadenings of the safety valve for instance it did not include a waiver which would have allowed district judges essential unbound well much more significant discretion to bypass any criminal history eligibility requirements and Congress did not make that part of the session there were other proposals on the tables in the smart sentencing act was one bill that was proposed at some point in the 115th Congress that Congress did not enact that too I think had a even broader safety valve expansion and some of the statements by the sponsors and the relevant lawmakers confirmed that what Congress enacted with respect to the safety valve was a consensus a compromise the compromise broadening and as to the consequences of the reading that my friend on the other side urges there will be a absurd because the for example they would not a defendant who has a conviction for drug trafficking a three-point conviction for drug trafficking and also a conviction for murder violent conviction for murder presumably a three-point offense given the kind of sentence that would result the defendant may well qualify because it does not have a two-point violent offense but the same defendant if he's convicted of drug trafficking and voluntary manslaughter and assuming voluntary manslaughter this is rented probably a bit far-fetched but if it resulted in a sentence of between 60 days and 13 months that defendant would not qualify so that is up say that that was some debate in the letters about what is the standard for absurdity that is an absurd result the Congress intended unless your honors so I know you represent the government but you've got to admit right this is a pretty poorly drafted statute just between us you don't represent Congress the statutes can often be clearer than the final product of Congress's legislative process but what we don't think we have in this case your honor is and we have a situation in which the formal logic of the text does not resolve the question the end versus the or but once the contextual and structural considerations are taken into account and for those who are interested the legislative history are taken into account I think the meaning of the of the statute is decisively unambiguous having said that Congress could always be clearer welcome that but that is the statute that the courts have to interpret all right fair enough one quick question I have one textual question what do you make of the fact that a says more than four criminal history category points and then B and C talk about a three-point defense in a two-point defense and the reason I bring it up this is not an argument as I understand it that your friend on the other side has made but the textual distinction between a the way a is written and B and C is written strikes me that it could obviate any super superfluity concern because you could have for example one sentence that involves two offenses right so it says a prior three-point defense and a prior two-point defense so you could have committed in a single transaction both of those but it would be treated as a single three-point sentence does that make sense so you would have imagine you commit felony a and felony B one is violent the other is not so that satisfies those two offenses but the judge imposes a single sentence of say ten years right that's a three-point obviously that would be a three-point criminal history category score so it obviates any superfluity concern if you have two offenses treated as one I believe so but I believe at that point the criminal history category as criminal history as computed by Congress will still be those two will still result in a three in three points of criminal history right so a so you wouldn't need a right because that requires four or more but you could easily do B and C with two different defenses you could have two different offenses so they say oh one offense can satisfy both and that requires some textual gymnastics that I but you could have two different offenses treated as one sentence right the guidelines do this all the time as I'm sure you're aware yes but I think the the sentence the offense the reference to offense appears to be a reference to offense as a single offense or group of offenses right because the guidance also very complex grouping questions and grouping rules and it appears that the reference not just to it a single count of conviction but it it appears to be a reference to an offense meaning a group of convictions which in that in that case would then sort of stretch across all of the offenses I don't know I mean if you imagine someone bringing a gun into a drug deal right those are two different matches a felon to right so those are two different defenses there's the gun piece and then there's the drug deal piece that would satisfy B and C but if you only get one 10-year sentence for that for that crime then you have three criminal category points and you don't satisfy a so it seems to give meaning to all three of the various subsections without rendering any of its approach and without requiring as your friend on the other side was I think trying to deal with having to amend subsection C with using legislative history you are in that case you will not satisfy C because you want to have a two-point violent offense right you will have to because the DNC are the two-point offenses the three-point offenses are mutually exclusive you cannot have a sentence that satisfies both of them right your honor's example would I think have some purchase if it was supposed a hypothetical session which B said a three-point offense and C said it's a different two or three-point violent offense but because the two-point offense category and the three-point offense category are mutually exclusive I don't think there could be a situation in which one could satisfy both B and C those require two offenses and they require two offenses that get separate they receive a separate treatment under the guidelines and and that does when render subparagraph a superfluous every court does consider this as well the 11th circuit did and so did judge my own Smith in his partial descent unless your honors have any further question and of course the defendant is now raised the with respect to superfluous superfluity that you are just mentioned unless your honor the court has any further questions we would ask the court to from the judge Valentini thank you very much mr. Martin you're back on rebuttal well this goes your question you were asking about your choosing between bad options here that this may be an ambiguous statute which is mean bad options well if after consulting all the traditional canons of statutory construction you're left with an ambiguous statute you should apply the rule of lanity the court Supreme Court said so in Schuller and we've also cited Santos and barrage which say the rule of lenity requires ambiguous criminal laws to be interpreted in favor of defendants subjected to them this of course begs the question of how much ambiguity the Scalia Garner's treatises preferred criteria is whether after all the legitimate tools of interpretation have been applied a reasonable doubt persists do you think it's reasonable to interpret this text to provide safety valve relief to a capital murderer your honor this is a this is a first of all that a capital murderer would have to meet all of the requirements of f1 through f5 just one capital murder and imagine it was 20 years ago well if it was a capital murder 20 years ago he doesn't meet any of them does he a one that our reading would allow for one violent three-point offense you just still potentially potentially be eligible under f1 then yes go ahead and meet all the remaining requirements but my capital murderer meet all three of the requirements in f1 so he has zero criminal history category points right because if the felony was more than 20 more than 10 years ago it doesn't count for criminal history okay that's zero that's zero I suppose he would meet the three-point defense but he wouldn't have a violent two-point defense he would not but our interpretation is that the three-point violent offense can count as both okay so it beats B and C but it doesn't mean a does not meet a he gets safety valve relief under your view no your honor he has to meet all the remaining requirements of f2 through 5 none of those have to do with the criminal history this is I'm not saying the current the current defense is capital murder I'm saying right 20 years ago our hypothetical he would not be disqualified under f1 but even if the even then judges sentencing defendants with aggravated criminal histories including your capital murder example must still consult the guidelines and 35 at 3a factors and select a sentence sufficient under 3553 a which could possibly be a sentence at or above the otherwise applicable mandatory minimum so if the government believes a sentence is too high that's imposed whatever that sense is they can appeal and our position is that judges imposing reasonable sentences is no cause for concern so back to the rule of lenity your honors that the Scalia Garner treatise says we believe when the government means to punish its commands must be reasonably clear when they are not clear the consequences should be visited on the party more able to avoid and correct the effects of shoddy legislative drafting namely the Federal Department of Justice or its state equivalent there was one more quit there was a question about interpreting the text whether and this is discussed a little bit in the Scalia Garner treatise and also in the government's brief at least the government hinted at is this principle and symbolic logic that not a B or C means not a not B and not C well that doesn't apply here because the text doesn't include the word or unlike the forfeiture statute that's at issue in the Rolls-Royce case which the government cites in its brief so that doesn't even come into play one more point I'd like to make is there are some old cases cited in the government's brief from the 1980s the 50s even going back to 1860s where courts thought it fine to construe and as or and vice and you know in this case we have argued that ordinary meaning does not frustrate clearly legislative intent in fact it is consistent legislative intent but the Supreme Court has had a lot more to say about statutory interpretation since then and Bostick the court said that legislative history can never defeat unambiguous statutory text so I don't think we should be carving out special exceptions for words like and and or which are elemental words of the English language as the Supreme Court has said after the Supreme Court said that after exhausting all the stack textual and structural clues that enables the court to resolve the interpretive question put to us our sole function is to apply the law as we find it not defer to some conflicting reading the government might advance again the sky will not fall if you interpret if you read the statute the way we are proposing violent repeat drug offenders violent repeat drug offenders will almost always be barred under f1 defendants are not automatically eligible they meet f1 they also have to meet all the remaining requirements and even then the judges still have to consult the guidelines and 3553 a so we ask your honor's to please and vacate sentence thank you all right mr. Martin thank you thank you both the case is submitted in the center jaw clear out